**United States District Court**
**Eastern District for Pennsylvania**
**504 Hamilton Street**
**Allentown, PA 18101**

**Gilbert M. Martinez**

Plaintiff,

vs.

**United States of America**
**Edward G. Smith in his individual**
**and official capacity, Federal Bureau of**
**Investigations, Eagle Disposal, Rahns**
**Trucking inc. Penske trucks, Easton Coach, Barter**      **Case no.**
**Buses, Esterly Concrete Co.**

Defendant,                                                  ***JURY DEMAND***

Plaintiff Gilbert M. Martinez, by and through proceeding Prose as and for his complaint, as a right against the captioned defendants, alleges upon knowledge as to his own facts and upon information and belief as to all other matters.

This is a Civil action seeking injunction relief, monetary damages, past and ongoing economic loss, compensatory and punitive damages, loss wages, disbursements, costs and fees for violations of rights, brought pursuant to the Fair Labor Standards Act of 1938 (FLSA), as amended (29 USC §201 et seq.; 29 CFR Parts 510 to 794 [T]he Americans with Disabilities Act of 1990 , [T]he equal pay act of 1963,[T]he Lilly Ledbetter Fair Pay act of 2009 [T]he Equal Employment Opportunity Act of (1972) Title VII of the Civil Right Act of 1964 (as amended) 42 USC 2000e 42 USC 1981, 42 USC 1985 42 USC 1986, 7th ,9th & 14 th Amendments of the United States Constitution, 18 USC 241 & 18 USC 242, 18 USC 245, 18 USC 246.

1

## **JURISDICTION**

The Jurisdiction of this court is invoked pursuant 28 USC 1331, 1332, 42 USC 1981, 1985, 1986. This court has jurisdiction pursuant to the Fair Labor Standards Act of 1938 & 28 USC 1332 because defendants are resident Employers in the state of Pennsylvania subject to the employment guidelines of Federal law under this act.

## **PRELIMINARY STATEMENT**

These defendants and others have either currently or formerly engaged in a conspiracy and obstruction of justice to suppress plaintiffs employment rights, with the intent to Oppress plaintiffs rights to federal suit, therefore any statue of limitations can be tolled (stopped from running). Said acts were done with the consent and authorization of the Federal Government and previous complained of State & Federal judges, thus violating title VII of the Civil Right Act of 1964 (as amended) 42 USC 2000e, [T]he Fair Labor Standards Act of 1938 (FLSA) [T]he Americans with Disabilities Act of 1990, [T]he equal pay act of 1936 & [T]he Equal Employment Opportunity Act of 1972. [T]he Lilly Ledbetter Fair Pay act of 2009.

Defendants acting separately and in concert with others conspired individually and in conspiracy to deny plaintiff his employment rights in violation to the above stated enactments. Said acts were taken with deliberate indifference subjecting plaintiff to undue hardship, and oppression .

These sadistic human right abuses are against plaintiff's Civil rights protected by the seventh, ninth and Fourteenth Amendments and the exercise of such rights provided by the United States Constitution.

CDL drivers are nonexempt under Federal and Pennsylvania state law, therefore defendants are subject to Civil Suit, and Punitive damages for their willful participation in a conspiracy to suppress plaintiff's employment rights and wrongful termination of employment.

2

These violations of Federal laws are not in conformity to State legislative, policy, ordinances, rules & regulations or the United States Constitution; and further violate the United States Criminal Codes 18 USC 241 & 18 USC 242, 18 USC 245, 18 USC 246.

Said acts were done in consent and condonation of Judge Edward G. Smith in his individual and official Capacity, employed as a Federal Judge by the United States of America.

Acting as a Federal Judge defendant worked a denial of plaintiff's rights, privileges or immunities protected by the United States of America. The honorable Edward G. Smith either consented or failed to act to prevent the pervasive violations and retaliation violating Federal laws, even after numerous complaints were filed before his court.

## STATEMENT OF FACTS

### Wrongful termination of employment
### & willful refusal to pay overtime wages

1. Defendant Eagle Disposal Of PA presides at 1245 Eagles Way East Earl, PA 17519.

2. Defendant is Private owned trucking company which handles sanitation throughout the state of Pennsylvania.

3. Defendant hired plaintiff on or about 8/08/16 as a Commercial Driver for their sanitation route.

4. The job description entailed driving one or two loaders by means of a Commercial class B sanitation truck to collect trash & recycling on a daily route.

5. The assigned loaders are employed to physically load the trucks with garbage as plaintiff would drive their truck to different commercial and residential locations.

3

6. Upon being hired it was explained by the acting supervisor Chris Riffanacht
   that plaintiff would receive one hundred fifty dollars per day as pay.

7. On 8/ 9 /16 plaintiffs first day of employment, plaintiff was forced by
   defendant to work as a loader. Defendant send plaintiff on a residential route in
   west Reading having their driver demand that plaintiff load the truck. After an
   hour of loading the supervisor was notified of plaintiff's non- compliance to
   participate as a loader and was removed from the truck.

8. Later that evening plaintiff was assured by supervisors Tom and Chris, that
   plaintiff as a driver would not have to do any more loading as it was not a
   drivers job to load the truck.

9. Plaintiff thereafter was assigned to drive truck no. 817 daily along with a
   loader by the name of Juan Diaz .

10. Plaintiff's daily route with Diaz would consist of collecting mostly totes on
    wheels which he manually loaded in the rear of the truck.

11. Said drivers jobs description did not require plaintiff to load the truck but I
    was coerced into assisting with almost every stop by their loader.

12. On or about 8/16/16 Diaz forced plaintiff by way of coercion to do the loading
    for him which consisted of physically picking up recycling. Although Diaz was
    not a licensed CDL driver, he stated permission was given by the supervisor for
    him to drive the truck while plaintiff physically collected the recycling,
    because he had an injured finger.

13. Defendant's actions were retaliatory taken with malicious intent to harass
    plaintiff, through means of forcing plaintiff to perform physical labor in order
    to persuade plaintiff to resign from employment having actual knowledge of
    plaintiffs disability.

14. Plaintiff was told by supervisor Chris when hired that the day was over when
    the route was completed, which was neither the case since routinely when the
    route was done defendant would find some other work which forced plaintiff
    to work approximately 10 to 13 hours a day.

15. When Plaintiff asked several employees about being compensated for
    overtime pay, it was explained that the defendant neglected to pay Time and

4

a half after 40 hours as mandated by federal law & state law.

16. Several employees referred to the owner paying them Chinese overtime pay, stating they would receive 5 dollars a day for whatever overtime pay they were mandated by defendant to perform. .

17. Upon information & belief defendant would pay only certain selected employees overtime pay (time and a half).

18. On 8/30/16, I was having a conversation with a fellow driver employee by the name of Peggy about the overtime pay which in-turn informed the Supervisor of our conversation, as a result of my conversation with Peggy I was immediately terminated the next day.

19. Supervisor Chris Riffanacht stated that plaintiff was being terminated for not being a team player. Later it was explained by Larry Overly that I was terminated because the owner did not like the way I was backing up the truck, although plaintiff was not driving on the day in question.

20. Defendant payed plaintiff five dollars per day for the overtime accumulated after 40 hours rather than the earned time and a half wages mandated by state & federal law. .

21. Upon information and belief defendant deliberately increased Federal and State with-holdings by ten percent to short plaintiffs pay check of earned income.

22. Larry Overly in charge of defendants Human Resources department was given proper notification of the difference in tax with-holdings and defendant discarded the matter by hanging up the phone on plaintiff during the conversation.

23. Mr. Larry overly stated that they hired a payroll company to do their checks so they weren't responsible for the calculations of the taxes but refused to disclose who did their payroll checks for them.

24. Defendant retaliating against plaintiff, unlawfully terminated employment on or about 8/31/16, without just cause. .

25. No written warnings of employee misconduct or company violations were ever filed against plaintiff during the course of employment.

26. The above stated unlawful conduct was reported to the Department of Labor which refused to act on plaintiffs behalf and for-fill their duties under the law since they were complicit in the conspiracy against plaintiff.

27. Defendant's harassment ,retaliation, and discriminative practices continued on to Rahn's trucking inc. also known as Rahns Concrete, with the address at P.O. Box 1468 Skippack, PA 19474.

28. H&K Group is the partner corporation to Rahns trucking inc. Their establishment is responsible for handling all business transactions for Rahns Concrete. Plaintiff attended orientation at their corporate office held by their staff.

29. Defendant hired plaintiff on or about 9/17/2016 as a CDL driver to deliver ready mix cement.

30. On or about defendant with intent to terminate employment by staging an accident, defendant send a company employee to follow plaintiff (the employees identity is unknown ) As I approached a red light at a Sunoco station on route 724 west to make a right turn the unmarked company ford pickup truck stopped in the left turning lane aside of me. As I moved forward to make the right turn the driver deliberately turned his vehicle so that his passenger mirror would collide with the body of the truck.

31. When the light turned green the driver turned left attempting to flee the scene, plaintiff had to pursue the driver further down the road where the driver pulled into a parking lot, he then stated he was employed by H&K and said not to worry he would take care of everything.

32. When I returned to the base, I immediately reported the incident to the plant foreman (Kevin Hart ) which had me fill out an accident report.

33. Defendant continued to harass plaintiff daily, specifically by turning on the heated mirrors to the assigned truck so it wouldn't start the next day or by putting to much water into the load so the customer could complain about plaintiffs work performance.

6

34. Defendant's actions were taken with malicious intent to sabotage plaintiffs work performance in order to terminate employment.

35. Defendant was spying on plaintiff through a camera installed in the truck, in order to find an excuse to terminate employment.

36. On or about 10/3/16 Shane Miller (acting supervisor) contacted plaintiff via cellphone and alleged they had taken a photo of plaintiff in the truck not wearing a seat belt.

37. The following day Shane Miller showed up to the plant to issue plaintiff with a warning of termination.

38. On 10/18/2016 plaintiff has a minor accident on a job site, located at 140 Robby drive Leesport, PA 19533.

39. As I entered the drive way and approached the home on a dirt road covered with stone the truck sank into the ground causing the truck to tilt and the trucks extended shoot to slightly press against the home pushing in small area of wooden ply board ( not cracked or broken).

40. Later that afternoon after plaintiff's second job of the day Shane Miller arrived at the plant to terminate employment on 10/18/2016.

41. Upon information and belief defendant had someone dig the hole prior to my arriving at the site and covered it with unpacked dirt and stone, therefore being the cause of said accident.

42. On 10/19/2016 plaintiff spoke to Shane which refused to give plaintiff the address of the of the property location, so I wouldn't be able to have proof of the minimal damage to the property.

43. The only warning of misconduct ever issued against plaintiff were related to plaintiff not wearing a seat belt. Defendant refused to produce the alleged photograph taken.

44. Defendants acts were willful, deliberate, and discriminative taken with deliberate intent to sabotage/ hinder plaintiffs work performance as described above, therefore defendants conspired to harm plaintiff.

7

## Equal Pay for equal work

45. Defendant Penske presides at 245 Riverfront drive in Reading PA 19602.

46. On or about 11/03/16 defendant a to hire plaintiff as CDL driver to transport their trucks to different site locations.

47. Defendant offered to pay plaintiff 12.75 an hour. It is believed that at the time were paying 17.50 for first shift and 18.50 hrly on second shift to class A & B drivers, thus deliberately offered plaintiff less money to discourage plaintiff from taking the job.

48. At the interview plaintiff brought the pay rate to the hiring managers attention as a result defendant in order to cover up the violation of equal pay for equal work proceeded to delete all posted drivers jobs on the internet which displayed a salary wage for the position titled driver/hiker.

49. Defendant also posted 30 days prior to the interview a different advertisement paying 13.95 hrly. As a result of defendant's harassment and unfair practices to pay for equal pay for equal work plaintiff was deprived of the opportunity to work for Penske.

50. Defendant rescinded their offer for employment because of my diligence in having informed defendant that I saw the position advertised by the company for higher salary than what was being offered.

51. The unlawful harassment and retaliation pressed on to an abundance of corporations depriving plaintiff equal opportunity to employment before and after said termination of employment as detailed above.

## Equal Employment opportunity

52. Defendant Berks Area Regional Transit Authority (Barta) presides at 1700 N.11thst. Reading PA 19604. On or about 00/00/00 plaintiff, filed an application with Barta for the desired position as a bus driver. Defendant never called plaintiff for an interview for the job.

53. On or about Nov 21, 2016 Plaintiff called Barta to check the status of application and a representative in the Human Resources Department Intentionally misinformed me that by policy of the company they couldn't

8

hire me because they required 2 years of having a valid CDL in the state of Pennsylvania and 2 years back round of driving passengers experience.

54. Defendants advertisement for the position did not specify these details as explained by their Human Resources, neither did their posting on their website for the desired drivers position.

55. Plaintiff did meet all of the hiring requirements as advertised by their company.

56. Plaintiff called their HR office numerous times to inquire about other jobs they were hiring for that did not require bus driver experience as they explained and they wouldn't return my calls, after repeated messages were left for them.

56. On or about July of 2017 Plaintiff re-applied for the Bus driver position, and their HR again discarded the application stating that by policy they required 2 year driving experience driving passengers on a bus. yet still neglected to Post the discussed requirements on their website or the job advertisement.

57. As a direct and proximate result of defendants discriminative practices, harassment and retaliation plaintiff was deprived his right to equal opportunity to employment.

58. Defendant Esterly concrete, is located at 401 Elm St in West Reading, PA 19611. On or about February or March of 2017 plaintiff applied for employment.

59. Defendant asked plaintiff to perform a driver test after initial interview. The owner stated if plaintiff could drive the truck he would give plaintiff an opportunity at employment.

60. Plaintiff later re-convened for the road test and was approved by their employee who was instructed to do their road test.

61. Plaintiff was later called back to their office for a third time and was denied the job. The owner stated that he was not hiring me because there were too many red flags referring to previous employment working for Rahns Concrete and Eagles disposal. During the conversation he revised is statement and said It was because he wanted to see my reaction, and did not like my response.

9

62. Defendant Eastern Coach is a para transit company presiding at 160 Water st. Reading PA 19605.

63. Plaintiff was hired by Eastern Coach on or about August of 2016 defendant Easton Coach recruited plaintiff to work as a para-transit driver.

64. Defendant send Plaintiff to do a physical exam which was passed by their doctors office U.S. Health works at 1114 Commons blvd Readng Pa 19605. Doctor Luis Martinez , was deliberately refusing to give plaintiff the medical card stating he needed to obtain medical history of my disability in order to hold plaintiff back from working at Easton Coach.

65. Dr. Luis Maritnez did eventually give plaintiff the medical card after numerous arguments with him over the phone, however he deliberately marked off on the medical card I couldn't drive until i performed a driving skills test by the department of transportation , because of a right hand impairment which I had since the age of 17, in order to prolong my obtaining employment.

66. Easton Coach being complicit in said conspiracy and acting in concert with Dr. Luis Martinez stated I couldn't start work for them unless I did the skill test which was only mandated by the Federal Motor Carrier Safety administration for drivers driving out of state. Defendant was advised of the Federal laws and deliberately misconstrued the law in order to deny plaintiff the opportunity to work. Defendants services were restricted to the state of Pennsylvania.

67. As a result of all these defendants and others unlawful practices and malicious acts suppressing employment rights since 2015, I was denied my equal employment opportunity rights as protected by the Constitution.

## COUNT I
## Conspiracy to deprive Civil liberties under 42 USC
## 1981, 1985, 1986 In violation to the fair standards labor act (FLSA)
## of 1938 (.; 29 CFR Parts 510 794

Plaintiff repeats and re-alleges and incorporates by reference the factual allegations with the same force and effect as if herein set forth.

That the defendant Edward G. Edmond's failure to act/ or prevent the misconduct as detailed in this complaint is in violation of Plaintiffs civil rights under the United States Constitution.

That the defendants' actions constitute a willful and knowing violation and deprivation of a right secured by the Constitution of the United States in violation of 42 USC, Section 1985(2), specifically, after repeated complaints were already filed in his court.

That the acts of all defendants are in violation of the United States Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 USC, Section 1981,1985, 1986 ; and the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint.

The activities of the defendants are unlawful and constitute a separate violation of the state and federal statues listed in this complaint. The Honorable Edward G. Smith failed and/or refused to act to protect the plaintiff after filing repeated claims in his court about the harassment and retaliation by state and federal officials.

The defendants activities described are unlawful and constitute a separate violation of 18 USC sections 241, 242, 245, 246. These civil crimes against the Plaintiff are a violation of Plaintiff's Seventh Ninth and Fourteenth Amendments.

Defendant was also given notification during oral argument for the pending civil cases of the ongoing conspiracy and abuse to suppress plaintiffs employment rights, thus refused and failed to halt the abusive misconduct stated herein and forthcoming acts suppressing plaintiffs employment rights.

Defendants and each of them acting either separately or in concert with others caused such deprivation of rights therefore defendants conspired to harm plaintiff.

That each of the defendants acting individually and in conspiracy with the government willfully and deliberately violated The Fair standards labor Act of 1938 (FSLA) in order to wantonly suppress, oppress, and deprive plaintiff of his employment rights.

As a direct and proximate result the Plaintiff was subjected to suffer the infliction of financial hardship, terror, adverse public harassment, humiliation, plaintiff's ability to travel long distances, Plaintiff's ability to stay outdoors has been substantially impaired, social isolation, emotional, traumatic injury and other infliction's against the plaintiff. The plaintiff has suffered physical injuries and other injuries are yet to be determined.

11

infliction's against the plaintiff. The plaintiff has suffered physical injuries and other injuries are yet to be determined.

As a result of defendants long train of civil criminal acts plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as well as damages for mental anguish, loss of the enjoyment to life, loss of wages and that plaintiff is entitled to One Hundred (100,000,000.00) million dollars as well as punitive damages.

## COUNT II
## 42 USC 1985(2)OBSTRUCTION OF JUSTICE & CONSPIRACY TO DEFEAT FEDERAL SUIT BY SUPPRESSING EMPLOYMENT RIGHTS IN VIOLATION TO 18 USC 241,242, 245, 246 , 7th 9th &14 th Amendments

Plaintiff repeats and re-alleges and incorporates by reference the factual allegations with the same force and effect as if herein set forth.

Defendants did go in disguise on the highway, for the purpose of directly depriving, plaintiff of the equal protection, privileges and immunities under the law; for the purpose of suppressing employment rights in order to place an oppressed affect to civil suit, as is protected by the 14th Amendment to the United States Constitution.

Defendant's actions are oppressive, malicious, and in total disregard for the natural probable consequences and order of Federal & State employment laws.

Specifically these defendants and other corporations namely Mero taxi , Cougle Recycling , JP Moscatto & Sons , Reilly Sweeping , Carl R, Bieber inc., AJ Bolenski inc., Legacy trucking, and others, conspired either separately and in concert with the federal government to keep plaintiff unemployed with little or no money at all, forcing plaintiff to be dependent of public Welfare, in order to evade and defeat the previous filed claims pending against federal & state judges.

Even after numerous complaints were filed against State & Federal judges for the deprivation of rights and wanton of attacks by the F.B.I through illegal wiretaps terrorizing plaintiff with death threats ; State & Federal judges suppressing plaintiff's child custody rights , medical rights, right to disability benefits and fraud through the Reading Area water Authority, the defendant Edward G. Smith failed/ refused to act to protect plaintiff from further abusive acts, therefore he deprived plaintiff the equal protection of Federal rights.

12

knowingly,willingly, and purposely to suppress plaintiff's employment rights, to defeat federal suit, therefore conspired to harm plaintiff.

As a direct and proximate result of defendants dissolute conduct Plaintiff was subjected to suffer the infliction of financial hardship, terror, adverse public harassment, humiliation, plaintiff's ability to travel long distances, Plaintiff's ability to stay outdoors has been substantially impaired, social isolation, emotional, traumatic injury and other infliction's against the plaintiff. The plaintiff has suffered physical injuries and other injuries are yet to be determined.

As a result of defendants long train of civil criminal acts plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as well as damages for mental anguish, loss of the enjoyment to life, loss of wages and that plaintiff is entitled to One Hundred (100,000,000.00) million dollars as well as punitive damages.

## COUNT III
## 42 U.S.C. SECTION 1981, 1985, 1986 DENIAL OF EQUAL RIGHTS UNDER THE LAW IN VIOLATION OF T]he Equal Employment Opportunity Act of 1972 [T]he Lilly Ledbetter Fair Pay act of 2009

Plaintiff repeats and re-alleges and incorporates by reference the factual allegations with the same force and effect as if herein set forth.

At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1981, 1985, and 1986.

Acting as Federal Judge, Defendant worked a denial of Plaintiffs rights, privileges or immunities secured by the United States Constitution or by Federal law.

That the defendants obstruction of justice is in violation of Plaintiffs civil rights under the United States Constitution , and Pennsylvania Constitution.

The defendants had actual or constructive notice of the pervasive constitutional violations perpetrated by State & Federal officials upon the Plaintiff.

That the defendants' actions constitute a willful and knowing violation and deprivation of rights secured by the Constitution of the United States in violation

13

At all times during the pending Federal suits for previous filed cases the federal government (F.B.I) utilized unlawful wiretaps without probable cause to communicate with prospect employers and suppress plaintiffs employment rights.

The defendants and each of them were complicit in a vast conspiracy to oppress plaintiff by suppressing employment rights , therefore conspired to harm plaintiff.

That the defendants' actions constitute a willful and knowing violation and deprivation of rights secured by the Constitution of the United States in violation of 42 USC, Section 1985(2), specifically, after countless complaints were filed before the Federal Judge in the previous filed cases.

That the acts of all defendants are in violation of the United States Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 USC, Section 1985; and, the Plaintiff is entitled to recover against all defendants for injuries, damages and losses dissolutely caused by their conduct as set forth in this complaint.

The activities of the defendants are unlawful and constitute a separate violation of the state and federal statues listed in this complaint. The Federal Judge failed and/or refused to act and/or protect the plaintiff after providing notice to him.

The defendants activities described are unlawful and constitute a separate violation of 18 USC sections 241, 242, 245, 246. These crimes against the Plaintiff are a violation of the Plaintiff's , Seventh , Ninth and Fourteenth Amendments.

As a direct and proximate result of the defendants dissolute conduct in authorizing/or failing to protect plaintiff from government entities and private corporations retaliating against Plaintiff to defeat Federal Civil suit he was subjected to suffer the infliction of financial hardship, terror, adverse public harassment, humiliation, social isolation, emotional, traumatic injury and other infliction's against the plaintiff. The plaintiff has suffered physical injuries and other injuries are yet to be determined.

As a result of defendants long train of criminal civil acts plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as well as damages for mental anguish, loss off wages and that plaintiff is entitled to One Hundred Million(100,000,000.00) dollars as well as punitive damages.

## **PRAYER OF RELIEF**

a. As to the First cause of action in excess of One Hundred Million
(100,000,000.00) dollars as well as punitive damages.
b. As to the Second cause of action in excess of One Hundred Million
(100,000,000.00) dollars as well as punitive damages.
c. As to the third cause of action in excess of One Hundred Million
(100,000,000.00) dollars as well as punitive damages.

d. Injunction relief; An order reinstating employment At Rahns trucking inc., with
concise stipulations refraining defendant from any further acts violating the civil
rights act as stated above and wrongful termination of employment pending the
outcome of this case. To enjoin the F.B.I to cease all wiretaps and communications
with previous or future employers and continuing to act in violation to Federal and
State laws as stated above; and to order such other injunction relief as may be
appropriate to prevent any further violations of said Federal and State laws.

e. A decree stating that defendants willfully violated plaintiffs rights as set forth by
this complaint.

f. Awarding plaintiff the full payment of loss wages, from defendants Rahns
Concrete & Eagle Disposal retroactive from dates of wrongful termination and
awarding the plaintiff damages in excess of the amount of One Hundred Million
(100,000,000.00)dollars and punitive damages.

Dated: 7/17/2017

Gilbert M. Martinez
1706 Cotton st.
Reading PA 19606
(484)529-0958
Gilmarcus08@gmail.com