IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERT M. MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>Defendants. | CIVIL ACTION<br>NO. 17-3264 |

**MEMORANDUM OPINION**

**Schmehl, J s/s JLS**                                                                                                      October 26, 2018

## I.    INTRODUCTION

Plaintiff, Gilbert M. Martinez, brings this *pro se* action against seven defendants and asserts a laundry list of statutory and constitutional violations in relation to Plaintiff's employment. All Defendants who have been served have moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. For the reasons that follow, I will grant Defendants' Motions to Dismiss.

## II.    BACKGROUND AND STATEMENT OF FACTS

Plaintiff initiated this action on August 3, 2017, by way of a Complaint against six corporate defendants, the United States of America, the Federal Bureau of Investigations and the Honorable Edward G. Smith, claiming that all defendants had conspired to "suppress [his] employment rights." *See* Docket No. 3. On that same day, Judge Smith was dismissed from this action, Plaintiff's claims against the United States and the FBI were dismissed, and Plaintiff was given thirty days to amend his complaint as to the remaining corporate defendants. I instructed Plaintiff to describe clearly and briefly:

1) the specific statutory basis for federal court jurisdiction over his claims against each defendant; 2) how each defendant was involved in each claim; 3) the specific events and dates thereof that serve as the basis for his claims; 4) the harm he suffered; and 5) the administrative attempts, if any, that he has made to resolve his problems with each defendant. *See* Docket No. 2.

On August 9, 2017, Plaintiff filed a First Amended Complaint that was virtually identical to his original Complaint. See Docket No. 4. On September 25, 2017, Plaintiff filed a Motion for Leave to Amend in which he sought to file a Second Amended Complaint. This Second Amended Complaint added jurisdictional bases and added a seventh corporate defendant, but was otherwise unchanged from the previous version of his complaint. *See* Docket No. 7. In his Motion to Amend, Plaintiff acknowledged my direction to him to clearly explain the five things stated above, and stated: "[I] believe one through four were satisfied with the original complaint as filed." With regard to the fifth thing, he stated: "I do not believe the[re] is a administrative process for claims alleging conspiracy to suppress employment rights." *See* Docket No. 7 at 2.

On May 2, 2018, I granted Plaintiff's September 25, 2017, Motion for Leave to Amend, and directed the Second Amended Complaint to be docketed and considered the operative pleading in this matter. *See* Docket No. 15. Because Plaintiff continued to name the United States, the FBI, and Judge Smith as defendants, I directed that they be stricken from the pleading. *Id*. The Clerk of Court subsequently issued summonses to the remaining seven corporate defendants. Motions to dismiss were then filed by Defendants Rahns Trucking, New Enterprise Stone & Lime, and Easton Coach. A review of the dockets shows that the other four defendants have not been properly served.

Plaintiff's 18-page Second Amended Complaint (hereinafter "Complaint") asserts 18 paragraphs of purported facts against Rahns. *See* Docket No. 16 at ¶¶ 40 – 57. Those paragraphs indicate that Plaintiff was employed with Rahns as a CDL driver for approximately two weeks, from October 3, 2016 to October 18, 2016, during which time he and his company vehicle were involved in two accidents. *See id.* at ¶¶ 42 - 53. Following the second accident, Plaintiff's employment was terminated. *Id.* at ¶ 53. Plaintiff alleges that Defendant Rahns' actions were "willful, deliberate, and discriminative," taken "with the intent to sabotage/hinder plaintiffs work performance." *Id.* at ¶ 57.

Plaintiffs Second Amended Complaint asserts nine paragraphs that could be construed as factual allegations against Easton Coach. *See* Docket No. 16 ¶¶ 76-84. Those paragraphs indicate that Plaintiff was hired by Easton Coach, and that a third party doctor "deliberately" withheld his medical card and "deliberately" marked off on the medical card that Plaintiff could not drive until he performed a driving skills test. Plaintiff alleges Easton Coach is "complicit' in a conspiracy with the doctor in telling Plaintiff he could not start work for Easton Coach unless he successfully completed the driving skills test. Plaintiff further alleges that Easton Coach forced Plaintiff "into a second skills performance test" with the intent to "take away [P]aintiff s cdl license to prevent [P]laintiff from seeking an [sic] future work." *Id.*

As to Defendant New Enterprise, Plaintiff alleges that he was hired and began working on July 25, 2017, for New Enterprise as a CDL driver "delivering Ready Mix at their Leesport plant." *Id.* at ¶ 3. Plaintiff alleges that New Enterprise tampered with the truck assigned to him, forced him to do manual labor not related to his driving job and

harassed him in the course of his employment. *Id.* at ¶¶ 4-13. Plaintiff was terminated by New Enterprise on September 21, 2017. *Id.* at ¶ 14.

Plaintiff's Complaint consists of three counts that cite to various federal laws and constitutional amendments. Specifically, Plaintiff's Complaint contains counts for: 1) conspiracy to deprive his civil liberties; 2) obstruction of justice and conspiracy to defeat federal suit, which is apparently a contention that the defendants conspired to prevent and/or wrongfully terminate Plaintiff's employment; and 3) denial of his equal rights related to employment. *See* Docket No. 16.

### III. <u>LEGAL STANDARD</u>

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675,

679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011); *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

## IV. DISCUSSION

### A. Title VII and/or ADA Claims

Plaintiff cites Title VII and the ADA in the introduction of the Second Amendment Complaint and the alleged statement of facts in an attempt to assert claims under those Acts. (Docket No. 16 at ¶¶ 1-16.) It is well-established that a plaintiff bringing an employment discrimination suit under Title VII and the ADA must first exhaust administrative remedies prior to filing an action in federal court. *See Mandel v. M & Q Packaging Corp.*, 706 F. 3d 157, 163 (3d Cir. 2013); 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (adopting exhaustion requirements of Title VII for ADA claims). Consequently, Plaintiff must affirmatively plead that that he has exhausted all applicable administrative remedies prior to filing the instant litigation. *See Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). Otherwise, his complaint, on its face, will be legally insufficient. *Id*.

Under Title VII and the ADA, a plaintiff must exhaust administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days (or 300 days if a state-based claim has also been filed) of the date of the last act of alleged discrimination, wait 180 days for the charge to be processed, and obtain a Right to Sue Notice before commencing a civil action. *Id.; see also Buck v. Hampton Twp. Sch. Dist*., 452 F.3d 256, 260 (3rd Cir.2006) (citing 42 U.S.C. 2000(e)-5 and 42 U.S.C §12117(a)). The filing of an EEOC charge and issuance of a Right to Sue

5

letter are absolute prerequisites to filing any claim under Title VII and the ADA in federal court.

Here, Plaintiff fails to plead or otherwise state, at all, whether and/or when any charge of discrimination was filed with the EEOC following his termination on September 21, 2017. *See* Second Amended Complaint. He further fails to plead whether Plaintiff received a Right to Sue Notice, which is an absolute prerequisite to filing suit. *Id*. Plaintiff cannot demonstrate compliance with the administrative procedures of Title VII as Plaintiff failed to ever file a claim with the EEOC at all, prior to the expiration of the statutory deadline and prior to adding NESL as an additional defendant to this federal action. As an additional consequence, this Court lacks subject matter jurisdiction over these claims. *See Rife v. Borough of Dauphin*, 625 F.Supp. 2d 212, 217 (M.D. Pa. 2008) ("Failure to exhaust their administrative remedies deprives a district court of subject matter jurisdiction.") (citations omitted).

In response, Plaintiff seems to argue that exhaustion of administrative remedies is only required if an individual is alleging racial discrimination, which he is not. *See* Docket No. 25 at pp. 2-3. However, it is undisputed that Title VII of the Civil Rights Act of 1964 protects employees against discrimination based on race, color, religion, sex or national origin. 42 U.S.C. §2000e *et seq*. An employee alleging discrimination based upon any of these protected classes must exhaust his or her administrative remedies prior to filing suit in federal court, not just an employee alleging race. Further, exhaustion of administrative remedies is also required for actions brought under the Americans with Disabilities Act and the Age Discrimination in Employment Act. Accordingly, although it is unclear from Plaintiff's Complaint exactly what type of employment discrimination

6

he claims he was subjected to, administrative remedies needed to be exhausted prior to filing the instant suit.

A review of the Second Amended Complaint, on its face, makes it absolutely clear that Plaintiff has failed to even plead the exhaustion of administrative remedies. *See* Second Amended Complaint. As a result, any Title VII and ADA claims asserted against Defendants must therefore be dismissed as a matter of law. *See Hickman v. Amazon Fulfillment,* 662 F. App'x 176 (3d Cir. 2016).

### B. Count I – Conspiracy to Deprive Civil Liberties

Count I of Plaintiff's Second Amended Complaint contains conclusory statements of alleged violations of numerous statutory and constitutional rights, without any factual allegations sufficient to substantiate those claims.

Count I consists of a conspiracy claim for violations of 42 U.S.C. §§ 1981, 1985, 1986 and the Fair Labor Standards Act (FLSA). Plaintiff alleges that the acts of all named defendants are in violation of his constitutional rights under Sections 1981, 1985 and 1986. The only defendant named in this section of Count I specifically is Judge Smith, who has already been dismissed from this case.

#### 1. Section 1981 Claim

To establish a claim under Section 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned a protected activity." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Notably, Plaintiff does not allege or otherwise plead any facts within his Complaint to suggest that he is a member of a racial minority and/or that and of the Defendants

intentionally engaged in racial discrimination in violation of Section 1981. As such, he has failed to state a claim under Section 1981 for which relief may be granted.

### 2. Section 1985 and 1986 Claims

Section 1985(2) prohibits conspiracies to obstruct justice through the use of force, intimidation, or threat and contains two categories of claims: the first clause prohibits conspiracies to interfere with the administration of justice in federal courts whereas the second clause forbids conspiracies to obstruct justice in state courts. Conspiracy claims of the second category require an allegation of racial or class-based, invidiously discriminatory animus. *See Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976); *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). Plaintiff attempts to make claims under both categories by simply concluding his employment was terminated for "not modifying the facts to the pending civil cases to their satisfaction against state and Federal Judges" and that the acts of all defendants were in violation of Section 1985. (Docket No. 16, p. 5, ¶ 16; p. 13-14) However, Plaintiff fails to allege, or otherwise identify, any facts regarding any alleged involvement and participation by any of the corporate defendants in a conspiracy with the F.B.I. to prevent Plaintiff from attending or testifying in any federal or state action or to otherwise deny Plaintiff of equal protection of the laws. Even when viewing the facts in the light most favorable to Plaintiff, the Second Amended Complaint wholly lacks any facts to demonstrate or otherwise infer that any of the defendants possessed a discriminatory animus towards him and/or otherwise attempted to prevent his participation in the instant lawsuit; as such, the obstruction of justice claim must be dismissed for failure to state a claim under the standards established in *Iqbal* and *Twombly*, *supra*.

Section 1985(3) allows an action to be brought by one harmed by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under Section 1985(3), Plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or "class-based invidiously discriminatory animus" designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Id.* at 134. Importantly, Section 1985(3) was not "intended to provide a federal remedy for 'all tortious, conspiratorial interferences with the rights of others,' or to be a 'general federal tort law.'" *Farber v. City of Patterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971)). Likewise, a Section 1986 claim is dependent on Plaintiff successfully establishing a Section 1985 conspiracy, as it provides a cause of action against anyone who has knowledge that any of the wrongs in Section 1985 are about to be committed and fails and/or neglects to prevent such acts while able to do so. 42 U.S.C. § 1986.

Even when liberally construed in the light most favorable to the *pro se* Plaintiff, the Complaint utterly fails to articulate any facts from which a conspiratorial agreement between the defendants can be inferred nor does it allege any facts regarding any role of any of the corporate defendants in such a conspiracy, any overt acts taken by one of the corporate defendants to further any conspiracy, or any discriminatory animus behind any actions. Consequently, Plaintiff's Complaint fails to state a claim against Defendants under Section 1985 and 1986, and must fail as a matter of law. *See Rogin v. Bensalem*

*Township*, 616 F.2d 680, 696 (3d Cir. 1980) ("Because transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also.").

### 3. FLSA Claim

In Count I, Plaintiff alleges that "[a]s a result of all these defendants and others unlawful practices and malicious acts suppressing my employment rights since 2015, I was denied my equal employment opportunity rights in violation of [T]he Fair Labor Standards Act of 1938 (FLSA) as protected by the Constitution." *See* Docket No. 16 at ¶ 84. The FLSA governs minimum wage and overtime pay for workers. See 29 U.S.C. § 201 *et seq.* Plaintiff's Complaint is devoid of any facts whatsoever alleging that any of the corporate defendants failed to pay him a minimum wage or failed to pay him overtime. Plaintiff's Complaint is devoid of any facts whatsoever that could be construed as alleging violations of the FLSA. There are simply no allegations that Plaintiff has worked hours for which he was owed and did not receive overtime or for which he was not properly compensated. As Plaintiff has set forth absolutely no factual allegations in support of an FLSA claim, any FLSA claim contained in Plaintiff's Complaint must be dismissed as to all corporate defendants.

### C. Count II – Obstruction of Justice and Conspiracy

Plaintiff's Count II is entitled "42 USC 1985(2) OBSTRUCTION OF JUSTICE & CONSPIRACY TO DEFEAT FEDERAL SUIT BY SUPPRESSING EMPLOYMENT RIGHTS IN VIOLATION TO 18 USC 241, 242, 245, 246, 7th, 9th & 14th Amendments." Plaintiff states the following as to all defendants:

> Defendants did go in disguise on the highway, for the purpose of directly depriving, plaintiff of the equal protection, privileges and immunities

> under the law; as anticipated to achieve suppressing his employment rights in order to place an oppressed affect to civil suit, as is protected by the 14th Amendment to the United States Constitution.
>
> Defendant's actions are oppressive, malicious, and in total disregard for the natural probable consequences and order of Federal & State employment laws....
>
> That each of the defendants and above stated corporations acted in concert with the FBI to force plaintiff to renounce his claims about the state judges framing plaintiff for a domestic offense and stripping plaintiff of his parenting rights. Each of the defendants acted outside the scope of their jurisdiction and without authorization of the law, and each of the defendants acted separately and in concert knowingly, willingly, and purposely to suppress plaintiffs employment rights, to defeat federal suit, therefore obstructed justice & conspired to harm plaintiff...

Pursuant to the standards for conspiracy under Section 1985 set forth above, Plaintiff fails to plead sufficient facts supporting any part of his conspiracy theory, or showing that any of the corporate defendants any action based on any type of discriminatory animus to deprive Plaintiff of equal protection of the laws. As stated above, Plaintiff fails to state a claim for relief against defendants under Section 1985(2) and any Section 1985 claim he attempts to make against defendants must be dismissed.

Plaintiff's asserted violations of 18 U.S.C. §§ 241, 242, 245, 246 appear nowhere in the body of Count II, only in the heading. These claims must also be dismissed. The referenced sections are federal criminal civil rights statutes. It is well settled that these statutes do not provide a private right of action. *See Suber-Aponte v. Borough of Pottstown*, 2016 WL 5341299 at *3 (E.D. Pa. 2016).

Further, Plaintiff fails to state any cognizable claim for relief under the Seventh, Ninth and/or Fourteenth Amendments. The Seventh Amendment codifies the right to a jury trial, and Plaintiff's Complaint has not set forth any facts claiming that he has not been afforded the right to a jury trial. The Ninth Amendment addresses rights retained by

the people that are not specifically enumerated in the Constitution. The Ninth Amendment has generally been viewed as a rule about how to read Constitution, not necessarily conferring substantive rights. *See Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991); *Troxel v. Granville*, 530 U.S. 57 (2000). Plaintiff cannot use the Ninth Amendment to create a private right of action. The Fourteenth Amendment creates a broad definition of citizenship and prohibits state and local government officials from depriving persons of life, liberty, or property. Accordingly, Plaintiff cannot assert a Fourteenth Amendment claim against the corporate defendants, as the Amendment does not apply to private actors such as corporations.

Plaintiff's Complaint clearly fails to state a claim regarding the alleged violations of 18 U.S.C. §§ 241, 242, 245, 246 that violated his Seventh, Ninth and Fourteenth Amendment rights. Any claims asserted against defendants under the Seventh, Ninth and/or Fourteenth Amendments must be dismissed.

### D. Count III – Equal Employment Opportunity Act and Lilly Ledbetter Fair Pay Act

Count III of Plaintiff's Complaint appears to merely reassert the allegations contained in Counts I and II. To the extent Plaintiff is claiming a violation of the Equal Employment Opportunity Act in Count III, this claim must be dismissed with prejudice, because the Act does not provide a private right of action. To the contrary, only the Equal Employment Opportunity Commission has the authority to sue in federal court. See 42 U.S.C. § 2000-3(f)(1). Accordingly, Plaintiff cannot state a claim under the EEOA as a matter of law and this claim must be dismissed.

Plaintiff also references the Lilly Ledbetter Fair Pay Act in Count III, which expanded Title VII claims to include compensation discrimination and provides

protection against wage discrimination, but not other types of employment discrimination. *See Aubrey v. City of Bethlehem*, 466 Fed. Appx. 88, 93-94, fn. 6 (3d Cir. 2012). The Act does not apply if Plaintiff has not alleged wage discrimination. *Id*. In this case, there are no facts set forth in Plaintiff's Complaint at all suggesting that the wages, benefits, or other compensation paid to him were the result of discriminatory practices by any of the defendants. Accordingly, any claim Plaintiff is alleging under this Act must be dismissed.

### E. Equal Pay Act and ADA Claims

Lastly, Plaintiff references both the Equal Pay Act and the ADA in his Complaint, but fails to set forth any action or inaction by any of the defendants that violated either statute. Further, as discussed above, he has failed to plead that he has exhausted all administrative remedies prior to filing this matter. Accordingly, any claims Plaintiff seeks to bring against any of the defendants pursuant to the Equal Pay Act or the ADA must be dismissed.

### F. Further Amendment of the Complaint

I am mindful of the fact that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In *Hickman v. Amazon Fulfillment*, the Third Circuit affirmed a District Court's refusal to grant leave to amend a complaint because doing so would be futile. 662 Fed. Appx. 176 (3d Cir. 2016). After the District Court dismissed the Amended

Complaint for failing to exhaust administrative remedies, the Court further denied Plaintiff leave to amend again "on the ground that amendment would be futile in light of [Plaintiffs] failure to amend despite multiple invitations (and specific instructions) from the Court to do so." *Id.* at 178. The Third Circuit affirmed the District Court's reasoning, stating: "Even after the District Judge dismissed the original Complaint without prejudice for failure to exhaust administrative remedies, [Plaintiff] failed to attach any documents to his Amended Complaint or plead any facts demonstrating exhaustion... Accordingly the Amended Complaint was properly dismissed." *Id.* The Court further held that "[b]ecause [Plaintiff] made no attempt to remedy the defects in his complaints, despite notice by the District Court...granting him a further opportunity to amend his Amended Complaint would have been futile." *Id.*

In this matter, Plaintiff was given an opportunity to amend his Complaint with clear directions from this Court as to how to do so. Plaintiff however, declined to follow the Court's directions, claiming that he "believe[d] one through four [of the Court's directives] were satisfied with the original complaint as filed." Due to Plaintiff's failure to properly amend despite specific instructions from the Court regarding how to do so, I will not permit Plaintiff to further amend his complaint, as amendment would be futile. Therefore, this matter is dismissed with prejudice.

V. **<u>CONCLUSION</u>**

Even when viewing the facts in the light most favorable to Plaintiff, it is clear that the Complaint is entirely lacking is any facts that establish liability as to any defendant in this matter. Accordingly, I will grant defendants' motions and will dismiss the complaint with prejudice.